UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:17-cr-40107-SLD-3 |
| | ) |
| TERRY RAY FITCH, | ) |
| | ) |
| Defendant. | ) |

ORDER

Defendant Terry Ray Fitch moves for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), arguing that he has established extraordinary and compelling reasons for a reduction on the following bases: his need to obtain custody of his granddaughter due to her mother's addiction issues; his father's deteriorating health and finances; and his mother's health issues. *See* Mot. Reduction 5, ECF No. 627. For the reasons that follow, the motion for a sentence reduction is DENIED.

DISCUSSION

I.     **Legal Standard**

"[A] judgment of conviction that includes . . . a sentence [of imprisonment] constitutes a final judgment" that can be modified in only certain enumerated circumstances. 18 U.S.C. § 3582(b). As relevant here:

> [a] court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

1

*Id.* § 3582(c)(1)(A). "[T]he movant bears the burden of establishing extraordinary and compelling reasons that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021) (quotation marks omitted).

II.     **Analysis**

On May 21, 2019, Defendant was sentenced to 210 months of imprisonment for conspiracy to distribute and possess with intent to distribute at least 50 grams of actual methamphetamine. Judgment 1–2, ECF No. 341. This sentence was ordered to be served consecutively to sentences in two state cases. *Id.* at 2. Defendant's sentence was reduced to 157 months in November 2021, *see* Nov. 23, 2021 Min. Entry, and then to 141 months in May 2024, *see* May 31, 2024 Text Order. Defendant now seeks to have his sentence reduced to time served and to be released.

The Court need not decide whether Defendant can demonstrate extraordinary and compelling reasons for a sentence reduction because it finds that a reduction is not warranted after consideration of the § 3553(a) factors. These factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," *id.* § 3553(a)(2)(A); "the need for the sentence imposed to afford adequate deterrence to criminal conduct," *id.* § 3553(a)(2)(B); and "the need for the sentence imposed to protect the public from further crimes of the defendant," *id.* § 3553(a)(2)(C).

The nature and circumstances of this offense were serious. Defendant was the catalyst for the drug operation at issue in this case. While serving a prison sentence for a drug conviction, he met a drug dealer named Cesar Rodriguez. Using this connection, Defendant

deliberately planned to bring a new source of methamphetamine supply to the Quad Cities and to use his prior distribution network and contacts to sell it. Instead of working on rehabilitating himself while in prison, he essentially created a business plan of creating a methamphetamine operation. He executed this plan while on parole and it spun into a conspiracy involving seventeen charged co-defendants, approximately one-fourth of a kilogram of cocaine, and almost three kilograms of actual methamphetamine. Moreover, Defendant has a high risk to recidivate. He has multiple prior convictions, including four drug convictions, and he has violated almost every prior term of supervision he has been placed on. The Court commends Defendant for taking courses and engaging in productive activities while in Bureau of Prisons custody, but it finds that to reduce Defendant's sentence to time-served (approximately five years) would deprecate the seriousness of this offense and fail to provide adequate deterrence.

## CONCLUSION

Accordingly, the motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), ECF No. 627, is DENIED.

Entered this 6th day of January, 2025.

s/ Sara Darrow<br>
SARA DARROW<br>
CHIEF UNITED STATES DISTRICT JUDGE